BORLEM, S.A. EMPREEDIMENTOS INDUSTRIAIS AND FNV VEICULOS E EQUIPA-MENTOS S.A., PLAINTIFFS *v.* UNITED STATES, DEFENDANT, THE BUDD CO., WHEEL AND BRAKE DIVISION, DEFENDANT-INTERVENOR

Court No. 87–06–00692

---

(Decided June 15, 1988)

*Willkie Farr & Gallagher, (William H. Barringer* and *James P. Durling* on the motion) for the plaintiff.

*John R. Bolton,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, *(Platte B. Moring, III* on the motion) for the defendant.

*Barnes, Richardson & Colburn, (James H. Lundquist* and *Matthew J. Clark* on the motion) for the defendant-intervenor.

## MEMORANDUM OPINION

CARMAN, *Judge:* Pursuant to Rule 56.1(a), plaintiff moves for judgment on the agency record, and in the alternative, judgment on the pleadings pursuant to Rule 12(c) of the Rules of this Court. Defendant-intervenor opposes the motion. A hearing was held on May 24, 1988.

## FACTS

Pursuant to the directive of the Court at the time of oral argument, the parties consulted and stipulated to the following facts:

1. On May 23, 1986, the Department of Commerce (Commerce) received a petition filed on behalf of the Budd Company, Wheel and Brake Division, alleging that imports of tubeless steel disc wheels from Brazil were being, or were likely to be, sold in the United States at less than fair value and that such imports materially injured, or threatened material injury to, a United States industry.

2. On June 12, 1986, Commerce initiated an antidumping investigation to determine whether tubeless steel disc wheels from Brazil were being, or were likely to be, sold in the United States at less than fair value. 51 Fed. Reg. 21952 (June 17, 1986).

3. On December 19, 1986, Commerce issued a preliminary affirmative determination that imports of tubeless steel disc wheels from Brazil were being, or were likely to be, sold at less than fair value. 51 Fed. Reg. 46904 (Dec. 29, 1986).

4. In its preliminary determination, Commerce considered the date of shipment to the United States as the date of sale, comparing foreign market value on the date of shipment with U.S. price on the date of shipment. Commerce thus converted foreign market value into U.S. dollars at the exchange rate in effect on the date of shipment. 19 C.F.R. § 353.56(a).

5. Following its verification of the data provided by respondents, and its consideration of the arguments advanced by the parties at a public hearing and in their written submissions, Commerce issued a final affirmative determination of sales at less than fair value on March 13, 1987. 52 Fed. Reg. 8947 (Mar. 20, 1987).

6. In its final determination, Commerce calculated the U.S. price of the subject merchandise based on the purchase price of the merchandise sold, or offered for sale, to the United States. 19 U.S.C. § 1677a(b).

7. In its final determination, Commerce calculated foreign market value, in part, based on constructed value in the month of shipment to the United States. 19 U.S.C. § 1677b(e)(1)(A). Constructed value was calculated based upon the replacement cost of merchandise sold to the United States in the month of shipment to the United States.

8. For purposes of its fair value comparison, Commerce compared foreign market value on the date of shipment with U.S. price on the date of sale. In all instances the date of sale preceded the date of shipment. Foreign market values expressed in cruzeiros or cruzados were converted into U.S. dollars using the exchange rate in effect on the date of sale to the United States. 19 C.F.R. § 353.56(a). To explain its currency conversion in the preliminary determination, Commerce stated:

> At the time of our preliminary determination, a pattern of long time periods between reported dates of sale and shipment indicated the likelihood that date of shipment reflected the actual date of sale. However, verification has established that all elements necessary to constitute a sale were present at the sale dates reported.

52 Fed. Reg. at 8950.

9. On April 27, 1987, the U.S. International Trade Commission determined that an industry in the United States was threatened with material injury by reason of imports from Brazil of tubeless steel disc wheels. 52 Fed. Reg. 17487 (May 8, 1987).

10. Following issuance of the final affirmative determination by the U.S. International Trade Commission, Commerce issued an antidumping duty order concerning tubeless steel disc wheels from Brazil. Included in that notice was an amendment to Commerce's final affirmative determination correcting a clerical error that appeared in the final determination. 52 Fed. Reg. 19903 (May 28, 1987).

11. On May 28, 1987, plaintiffs filed the summons in this action.

12. On June 18, 1987, plaintiffs filed the complaint in this action alleging, *inter alia,* that the conversion of foreign market value into dollars using an exchange rate other than that in effect on the date when foreign market value was computed resulted in less than fair value margins that were "not supported by substantial evidence and not in accordance with law."

13. On August 24, 1987, defendants answered Count 1 of plaintiffs' complaint and admitted in paragraph 26 of their answer that "the dumping margins are not supported by substantial evidence on the record and are otherwise not in accordance with law," but denied all other allegations of error in the complaint.

14. On September 11, 1987, defendant-intervenor answered plaintiffs' complaint denying, *inter alia,* the allegation that the margins published by Commerce were not supported by substantial evidence or otherwise not in accordance with the law.

15. On December 17, 1987, defendants amended their answer to the complaint to admit in paragraph 50 of their answer the existence of specified clerical, calculational, and transcription errors.

16. On January 29, 1988, plaintiffs filed alternative motions for judgment on the pleadings, pursuant to Rule 12(c), or for judgment on the administrative record, pursuant to Rule 56.1(a).

17. On March 14, 1988, defendants filed a memorandum concerning plaintiffs' alternative motions. Defendants disagreed with plaintiffs' reasoning in their memorandum, but requested nonetheless that the Court grant plaintiffs' motion for judgment on the pleadings and remand this action for reconsideration by Commerce with respect to Count 1 of the complaint. Defendants also requested remand for correction of the errors admitted in paragraph 50 of the amended answer.

18. On March 14, 1988, defendant-intervenor filed a memorandum in opposition to plaintiffs' alternative motions, requesting that the Court deny those motions.

### DISCUSSION

Plaintiff and defendant have requested that Counts II, III, IV, V and VI of the complaint be dismissed without prejudice. Defendant has asked for a remand to correct clerical errors and to reconsider its determination.

Defendant-intervenor opposes the remand.

This Court holds as follows:

Plaintiffs's motion for judgment upon the pleadings and, in the alternative, judgment upon the agency record be, and is hereby granted to the extent that this action is remanded to the Department of Commerce as to Counts I and VII of the complaint to recalculate the antidumping duty margin and to correct all clerical, calculation and transcription errors in *Tubeless Steel Disc Wheels from Brazil,* 52 Fed. Reg. 8947 (March 20, 1987), as amended 52 Fed. Reg. 19903 (May 28, 1987). Counts II, III, IV, V and VI are dismissed without prejudice to renew. The Department of Commerce will publish a new determination within 60 days of this memorandum and order bearing even date herewith.